

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 13, 2006

**FILED**

**OCT 2 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX

Joseph Virgilio, Esq.
1717 K Street, N.W., Suite 613
Washington, DC 20036
Fax: 202-686-6914

      Re:  United States v. Cesar Jimenez-Salgado, et. al. -01
           CR 06-94-01

Dear Mr. Virgilio:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, Cesar Jimenez-Salgado, a.k.a. "Detective," (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

      1. **Pleas Wired.** As we have previously discussed, the pleas in this case are "wired," that is, the following plea offer is contingent upon each of the co-defendants in this matter pleading guilty.

      2. **Charges.** Your client agrees to plead guilty to, and admit to violating: (A) Count One of the Superseding Indictment, Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371, that is, Possession of False Immigration Documents Prescribed for Authorized Stay or Employment in the United States in violation of 18 U.S.C. § 1546(a) and Production of False Identification Documents in violation of 18 U.S.C. § 1028(a)(1); and (B) Count Eleven of the Superseding Indictment, Unlawful Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a). Your client agrees to, and hereby does, admit (a) his guilt to the above-referenced offenses charge, and (b) the truthfulness of the facts set forth in the attached factual proffer as the basis for his admission of guilt.

      In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached factual proffer. In addition, at the time of sentencing, the Government will move to dismiss Counts 2 through 10 of the Superseding Indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

3. **Potential penalties, assessments, and restitution**. (a) Your client understands that pursuant to 18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States carries a sentence of not more than 5 years imprisonment, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

(b) Your client further understands that pursuant to 8 U.S.C. § 1326(a) the charge of Unlawful Reentry of a Removed Alien carries a penalty of not more than two (2) years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), or both, and a maximum period of supervised release of not more than one year under 18 U.S.C. § 3583(b)(3). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing for this charge as well. See 18 U.S.C. § 3013.

(c) Your client understands that the sentence will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*, and that the United States Sentencing Guidelines are advisory in determining the appropriate sentence. Your client further understands that, pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.

4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case. Prior to his guilty plea, the defendant further agrees to provide, or to give consent to obtain, any and all false identification documents, materials, devices and computers used to make such documents and materials which are or were in his possession, or which he or any accomplices used.

5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States

protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

6. **Sentencing Guidelines**. (a) Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (e), upon consideration of the United States Sentencing Commission's Guidelines Manual, which will apply to determine your client's guideline range. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

(b) As applied in this case, the parties to this agreement agree that the Sentencing Guideline applicable to the offense of Conspiracy to which your client is pleading guilty is §2X1.1(a), which refers back to the Guideline for the applicable substantive offense. In this case, therefore, the parties agree that the applicable Guideline is §2L2.1(a) for the offense of Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States. The parties agree that the applicable base offense level under §2L2.1(a) is 11. The parties further agree that the Specific Offense Characteristic under §2L2.1(b)(2)(C) shall be applied because the object of the conspiracy involved more than 100 illegal immigration documents, resulting in a 9-level increase to your client's base offense level. Further, the parties agree that your client's base offense level should be increased an additional the 3 levels pursuant to §3B1.1(b) because your client was a manager or supervisor (but not an organizer or leader) of the conspiracy at issue, and said conspiracy involved five or more participants. Therefore, your client's total adjusted Offense Level is estimated to be a 23 for the offense of Conspiracy.

(c) The parties further agree that the Guideline applicable to the offense of Unlawful Reentry of Removed Alien is Section 2L1.2. The parties agree that the base level for the offense to which your client will plead guilty, Unlawful Reentry of Removed Alien, is 8. The parties further agree that no further Specific Offense Characteristic adjustments under §2L.1.2 should apply. Therefore, your client's total adjusted Offense Level is estimated to be an 8 for the offense of Unlawful Reentry of a Removed Alien.

(d) The parties further agree that, under § 3D1.2 of the Guidelines, the offense of Unlawful Reentry of Removed Alien should <u>not</u> be grouped together with the Conspiracy count for purposes of determining the appropriate total sentence under the Guidelines. Rather, the combined offense level for this charge and the Conspiracy charge should be determined pursuant to § 3D1.4 of the Guidelines.

(e) The parties agree that your client's Criminal History Category will be calculated to include any applicable convictions.

(f) If your client continues to accept responsibility for his criminal conduct and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal

acts, and complies with the terms and conditions of this agreement, then the United States will not oppose a three level reduction in the defendant's overall offense level for his acceptance of responsibility pursuant to §3E1.1.

(g) Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines, nor to seek a post-Booker downward deviation from the applicable guidelines range. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines, nor a post-Booker upward deviation from the applicable guideline range, on the basis of any information known to the United States as of the date of this Agreement. The defendant understands that the Court remains free to depart or deviate from the guideline range despite the parties' agreement not to seek such a departure or post-Booker deviation. Your client further understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

(h) Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but which is not bound by the Sentencing Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the your adjusted guidelines offense level in accordance with the above calculations will not void this Agreement or serve as a basis for the withdrawal of your client's guilty plea entered pursuant to this Agreement. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this Agreement because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Agreement.

7. **Deportation**. Your client agrees and understands that he will be deported from the United States at the conclusion of these criminal proceedings and any related sentence. Your client acknowledges that he has already engaged in deportation proceedings and he has been ordered deported to Mexico, pursuant to a December 17, 1997 order of removal. Accordingly, the defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Immigration and Customs Enforcement shall constitute a breach of this plea agreement.

8. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your

client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

9. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the Bureau of Immigration and Customs Enforcement.

10. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement and related documents for your client into your client's native language. If no such request is made, then the defendant hereby declares that he understands the English language sufficiently well to read and understand this plea agreement.

11. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

(a) Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made

5

by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

(b) Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

(c) Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

_____
Jeffrey A. Taylor, #498610
United States Attorney

_____
G. Michael Harvey, #447465
Assistant U.S. Attorney

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the crimes of conspiring to possess 100 or more false immigration documents, and of unlawfully re-entering the United States following my deportation from this country.

10/19/06
Date

Cesar Jimenez-Salgado

## Defense Counsel's Acknowledgment

I am defendant Cesar Jimenez-Salgado's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

10.19.06
Date

Joseph Virgilio
Counsel for Cesar Jimenez-Salgado