UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *v* | ) | Criminal Nº 06-094-01 (RBW) |
| | ) | |
| **CESAR JIMENEZ SALGADO** | ) | |

MEMORANDUM IN AID OF SENTENCING WITH
SUPPORTING POINTS AND AUTHORITIES

**Background**

1. Pending before the court is the sentencing of the defendant following his conviction for (A) Conspiracy to Commit an Offense Against the United States in violation of 18 USC §§ 371, that is Possession of False Immigration Documents Prescribed for Authorized Stay of Employment in the United States in violation of 18 USC § 1546(a) and Production of False Identification Documents in violation of 18 USC § 1028(a)(1) and (B) Unlawful Reentry of a Removed Alien in violation of 8 USC § 1326(a)

2. The defendant entered an early plea of guilty to these offenses.

4. On December 15, 2006, a Presentence Report was completed. The defendant's sentencing guidelines were computed to be a Total Offense Level of 20 and a Criminal History Category II. The resultant sentencing range under the guidelines is 37-46 months.

**Defendant is eligible for a downward departure from the guideline range because the defendant's status as a deportable alien will result in a substantial difference in the severity of his sentence and the greater severity is undeserved.**

There are sufficient mitigating circumstances as a result of Mr Jimenez's status as a "deportable [inadmissible] alien". These circumstances are of such a kind and degree that have

not been taken into consideration by the Sentencing Commission in formulating the guidelines that apply to Mr Jimenez's case. *See United States v Smith,* 27 F3d 649 (DC Cir 1994)(interpreting 18 USC § 3553(b) and *United States Sentencing Guidelines,* Section 5K2.0, involving downward departures based on mitigating circumstances):

> In *United States v Smith, supra,* this Circuit concluded that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence . . . ." The Court ruled that:
>
>> For a departure on such a basis to be reasonable the difference in severity must be substantial and the sentencing court must have a high degree of confidence that it will in fact apply for a substantial portion of the defendant's sentence. Finally, as the defendant's status as a deportable alien is by no means necessarily unrelated to his just desserts, even a court confident that the status will lead to worse conditions should depart only when persuaded that the greater severity is undeserved.

*Id.*

Defendant Jimenez submits that as a deportable alien his sentence under the *Guidelines* will result in an undeserved "fortuitous increase in the severity of his sentence." Similar to the defendant in *Smith*, defendant Jimenez's status "renders him ineligible for the benefits of 18 USC §3624(c) which directs the Bureau of Prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences (but not more than six months) under conditions—possibly including home confinement—that will 'afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community.'" *Smith* at 651.

**WHEREFORE**, defendant respectfully requests that this court grant him a six-month reduction of his sentence under *Smith* and sentence him at the low end of any guideline range the Court deems appropriate.

Respectfully submitted,

*Joseph Virgilio*
Joseph Virgilio (Bar Nº 237370)
1000 Connecticut Avenue NW
Nº 1
Suite 613
Washington   DC   20036
202.686.6914